UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**FRANK ABBRUSCATO**                                                 **CIVIL ACTION**

**VERSUS**                                                                      **No. 24-2834**

**THIONVILLE LABORATORIES, LLC**                        **SECTION I**

## ORDER AND REASONS

Before the Court is a motion to dismiss filed by defendant Thionville Laboratories, Inc. ("defendant") pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] Plaintiff Frank Abbruscato ("plaintiff") filed a response in opposition.[2] Defendant filed a reply.[3] For the reasons set forth below, the Court grants the motion in part and denies it in part.

### I. BACKGROUND

Plaintiff initiated this lawsuit by filing a complaint alleging violations of the Americans with Disabilities Act ("ADA") and § 23:323 of the Louisiana Employment Discrimination Law ("LEDL").[4] Defendant then filed a motion to dismiss the original complaint,[5] and plaintiff subsequently filed an amended complaint.[6] Defendant in turn filed the instant motion to dismiss with respect to the amended complaint.[7]

---

[1] R. Doc. No. 8.
[2] R. Doc. No. 9.
[3] R. Doc. No. 11.
[4] R. Doc. No. 1.
[5] R. Doc. No. 4.
[6] R. Doc. No. 5.
[7] R. Doc. No. 8.

Consequently, the Court dismissed defendant's first motion as moot without opposition from defendant.[8]

Plaintiff's first amended complaint alleges the following facts. Plaintiff started working as a chemist and microbiologist for defendant in September 2021.[9] In December 2022, plaintiff received a hip replacement that resulted in his receipt of short-term disability payments for a period of four weeks.[10] In May 2023, plaintiff began another period of medical leave when he sought emergency medical treatment for severe shoulder pain.[11] He was diagnosed with an underlying infection that resulted in life-threatening sepsis, on account of which he remained in the hospital for 28 days.[12]

Because plaintiff needed extensive occupational and physical therapy once he was released from the hospital, he continued to receive short-term disability payments for his living expenses and Medicaid for his medical care.[13] During that time period, defendant did not offer plaintiff leave pursuant to the Family Medical Leave Act ("FMLA").[14] Nor did defendant notify plaintiff of his entitlement to FMLA leave or that defendant "w[as] using [plaintiff's] FMLA entitled leave."[15] In addition, plaintiff was not asked to pay any insurance premiums.[16] He alleges that insurance

---

[8] R. Doc. No. 10.
[9] R. Doc. No. 5, ¶ 10.
[10] *Id.* ¶ 12.
[11] *Id.* ¶ 13.
[12] *Id.*
[13] *Id.* ¶¶ 14–15.
[14] *Id.* ¶ 16.
[15] *Id.* ¶ 17.
[16] *Id.* ¶ 12.

2

premiums are deducted from an employee's regular payroll once the employee returns to work for defendant.[17]

While on leave, plaintiff maintained consistent visits with his primary care physician and would relay his doctor's advice to his supervisor, David Tate ("Tate").[18] According to plaintiff, on September 19, 2023, plaintiff advised Tate by telephone that he would be able to return to work on December 1, 2023.[19] During that call, Tate did not advise plaintiff that he had to pay his short-term disability premium, that his twelve weeks of FMLA leave were expiring, or that plaintiff needed to return to work to protect his employment status with defendant.[20] Thereafter, on October 14, 2023, defendant received a termination letter from defendant effective October 10, 2023.[21] The letter stated that defendant was terminated because he failed to pay his short-term-disability insurance premiums and to notify management of his progress.[22]

Plaintiff's complaint asserts six causes of action: discrimination in violation of the ADA, failure to accommodate in violation of the ADA, disability discrimination in violation of the LEDL, failure to accommodate in violation of the LEDL, FMLA discrimination, and FMLA interference.[23] Plaintiff seeks several forms of relief: lost

---

[17] *Id.*
[18] *Id.* ¶ 18.
[19] *Id.*
[20] *Id.* ¶ 19.
[21] *Id.* ¶ 20.
[22] *Id.*
[23] *Id.* ¶¶ 22–40. Although plaintiff does use the word "retaliation" in the title of the section of the amended complaint concerning plaintiff's ADA claim, *see id.* at 4, plaintiff is not asserting an ADA retaliation claim.

wages, lost benefits, front pay, liquidated damages, and reasonable attorney's fees.[24] Defendant asserts that plaintiff has failed to validly state a claim with respect to all six causes of action asserted in his complaint.[25]

## II. STANDARD OF LAW

Federal Rule of Civil Procedure 12(b)(6) allows for dismissal of a complaint for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss under Rule 12(b)(6), a plaintiff's complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). While this short and plain statement does not require "detailed factual allegations," it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678 (internal quotations and citations omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Culbertson v. Lykos*, 790 F.3d 608, 616 (5th Cir. 2015) (citation and internal quotations omitted).

"[T]he face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the [plaintiff's] claim." *Hi-Tech Elec., Inc. v. T&B Constr. & Elec. Servs.*, No. 15-3034,

---

[24] *Id.* at 6–7.
[25] R. Doc. No. 8, at 1.

2017 WL 615414, at *2 (E.D. La. Feb. 15, 2017) (Vance, J.) (citing *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 255–57 (5th Cir. 2009)). A complaint is insufficient if it contains "only labels and conclusions, or a formulaic recitation of the elements of a cause of action." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (citation and internal quotations omitted). The complaint "must provide the defendant with fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (citation and internal quotations omitted).

In considering a motion to dismiss, a court views the complaint "in the light most favorable to [the] plaintiff, accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in [the] plaintiff's favor." *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004). A court must limit its review to "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000)).

### III. ANALYSIS

The Court analyzes defendant's motion with respect to each claim asserted by plaintiff in turn. Since plaintiff's claims pursuant to the ADA and the LEDL are governed by the same standard, the Court will analyze those claims together applying

5

federal caselaw regarding the ADA.[26] *See Liner v. Terminix Pest Control, Inc.*, No. 22-cv-3698, 2023 WL 8005008, at *10 (E.D. La. Nov. 17, 2023) (Milazzo, J.) ("Claims brought under [La. R.S. § 23:323] are analyzed using the same framework and precedent as ADA claims." (cleaned up) (citing *Baker v. FedEx Ground Package Sys. Inc.*, 278 F. App'x 322, 327 (5th Cir. 2008))). Similarly, the Court will analyze plaintiff's FMLA claims together because, as explained below, defendant asserts that both claims fail insofar as plaintiff does not validly state elements common to both claims.

### a. ADA and LEDL Claims

The ADA prohibits discrimination in employment "against a qualified individual on the basis of disability." 42 U.S.C. § 12112(a). Plaintiff alleges a failure-to-accommodate claim and a disability-discrimination claim against defendant for defendant's alleged violations of this statute. "To succeed on a failure-to-accommodate claim, a plaintiff must prove: (1) he is a qualified individual with a disability; (2) the disability and its consequential limitations were known by the covered entity; and (3) the entity failed to make reasonable accommodations." *Sligh v. City of Conroe*, 87 F.4th 290, 304 (5th Cir. 2023) (internal quotation marks and citation omitted). "A claim of discrimination under the ADA requires a plaintiff to allege a disability, that he was qualified for his position, and that he suffered an

---

[26] The parties do not dispute this point. Defendant asserts that plaintiff's ADA and LEDL claims are governed by the same standard. *See* R. Doc. No. 8, at 5 n.19. In his response, plaintiff does not contest this assertion and also applies federal law with respect to his state-law claim. *See* R. Doc. No. 9, at 7–10.

adverse employment action because of his disability." *Olivarez v. T-mobile USA, Inc.*, 997 F.3d 595, 600 (5th Cir. 2021).

Defendant asserts that both of plaintiff's ADA claims fail because plaintiff was not a "qualified individual" for the purposes of the ADA.[27] The ADA defines a qualified individual as "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). "A plaintiff can establish that he is 'qualified' by showing that either (1) he could perform the essential functions of the job in spite of his disability, or (2) that a reasonable accommodation of his disability would have enabled him to perform the essential functions of the job." *Clark v. Champion Nat'l Sec., Inc.*, 952 F.3d 570, 582 (5th Cir. 2020) (internal quotation marks and citation omitted) (cleaned up). Reasonable accommodations may include "making existing facilities used by employees readily accessible to and usable by individuals with disabilities" and modification of a disabled employee's job responsibilities, schedule, or equipment. *See* 42 U.S.C. § 12111(9). "The question is whether [the plaintiff] was qualified at the time of his termination." *Clark*, 952 F.3d at 582.

While defendant acknowledges that plaintiff possessed the requisite skills and training for his position, defendant contends that plaintiff was not a qualified individual at the time of his termination because defendant was unable to attend

---

[27] R. Doc. No. 8-1, at 6–8. Defendant does not dispute that plaintiff has alleged a disability for the purposes of the ADA. *Id.* at 6.

work for several months.[28] According to the dates in the amended complaint, plaintiff had already missed about five months of work at the time of his termination (May 18, 2023–October 10, 2023), and had already indicated that he would not be able to return to work for approximately another month and a half (October 10, 2023–December 1, 2023). In total, plaintiff was expected to miss approximately six and a half months of work. In defendant's view, such a prolonged absence from work is not a reasonable accommodation of the essential function of regular work attendance.[29]

In the Fifth Circuit, it is well established that "taking leave that is limited in duration may be a reasonable accommodation to enable an employee to perform the essential functions of the job upon return." *Moss v. Harris Cnty. Constable Precinct One*, 851 F.3d 413, 419 (5th Cir. 2017); *see also Jennings v. Towers Watson*, 11 F.4th 335, 344 (5th Cir. 2021) ("Time off, whether paid or unpaid, can be a reasonable accommodation." (internal quotation marks and citation omitted)); *Delaval v. PTech Drilling Tubulars, L.L.C.*, 824 F.3d 476, 481 (5th Cir. 2016) (same). Contrarily, indefinite leave is never a reasonable accommodation. *See Moss*, 851 F.3d at 419. ("[T]aking leave without a specified date to return or, in this case, with the intent of never returning is not a reasonable accommodation."); *Delaval*, 824 F.3d at 481 ("[A]n employer is not required to provide a disabled employee with indefinite leave."); *Rogers v. Int'l Marine Terminals, Inc.*, 87 F.3d 755, 760 (5th Cir. 1996) ("Reasonable accommodation does not require an employer to wait indefinitely for the employee's

---

[28] *Id.* at 6–8.
[29] *Id.* at 7–8.

medical conditions to be corrected." (quoting *Myers v. Hose*, 50 F.3d 278, 283 (4th Cir. 1995)) (cleaned up)).

In light of controlling Fifth Circuit precedent, plaintiff has validly stated that he is a qualified individual in his amended complaint such that his amended complaint survives defendant's motion to dismiss. To determine whether a plaintiff is qualified for the purposes of the ADA, courts look at the plaintiff's qualifications at the time of the plaintiff's termination. *See Clark*, 952 F.3d at 582. As of the time of his termination, plaintiff had sought leave until December 1, 2023. A request for leave with a specified end date is plainly not a request for indefinite leave that would categorically be an unreasonable accommodation. *See Delaval*, 824 F.3d at 481. Rather, it "may be a reasonable accommodation." *Moss*, 851 F.3d at 419. Altogether, plaintiff's amended complaint alleges that he requested a period of leave that may ultimately prove reasonable. Accordingly, he has satisfied his burden to validly state a claim. *Cf. Culbertson*, 790 F.3d at 616 (explaining that a plaintiff validly states a claim when the facts alleged in the complaint indicate that plaintiff's success on that claim is merely plausible rather than probable).

Defendant cites only to persuasive authority to argue to the contrary.[30] It principally relies on then-Judge Gorsuch's opinion in *Hwang v. Kansas State University*, 753 F.3d 1159 (10th Cir. 2014).[31] There, the plaintiff had taken six months of leave. *Id.* at 1161. When the six-month period expired, plaintiff then requested

---

[30] *Id.* (citing out-of-circuit caselaw).
[31] *Id.*

9

several more months of leave. *Id.* The plaintiff's employer denied the request on the ground that its policy allowed for only six months of leave. *Id.* The plaintiff subsequently sued on the ground that the defendant's policy denying the plaintiff more than six months of leave violated the Rehabilitation Act. *Id.* The district court granted the defendant's motion to dismiss, and the Tenth Circuit affirmed the dismissal. *Id.* The Tenth Circuit concluded that the defendant's policy did not violate the Rehabilitation Act because it was "difficult to conceive" how "requiring so much latitude from an employer might qualify as a *reasonable* accommodation." *Id.* at 1162 (emphasis in original).

*Hwang* is inapposite. Putting aside that *Hwang* concerns a different though related statute, plaintiff here is not asserting that defendant had a leave policy that was categorically violative of the ADA on its face. Rather, he is asserting that defendant violated the ADA with respect to himself by terminating his employment when he had only several weeks remaining of the leave that he requested—i.e., the period from his termination on October 10, 2023, to December 1, 2023, the date he intended to return to work.

Given the substantial leave that plaintiff had already received, it may well not have been reasonable for defendant to accommodate several more weeks of leave. But that merits question is not properly before the Court. *See Jeanty v. Big Bubba's Bail Bonds*, 72 F.4th 116, 119 (5th Cir. 2023) ("A motion under Rule 12(b)(6) evaluates the adequacy of the allegations in a complaint rather than the merits of the case."). As *Hwang* itself recognizes, what separates an absence that is reasonable from one that

10

is unreasonable "usually depends on factors like the duties essential to the job in question, the nature and length of the leave sought, and the impact on fellow employees." 753 F.3d at 1162. Taking extensive time off from work may be more or less problematic given the responsibilities of the occupation involved. *See id.* It would be "premature" to answer such a fact-intensive question at the motion-to-dismiss stage. *Cf. Hernandez v. W. Tex. Treasures Est. Sales, L.L.C.*, 79 F.4th 464, 470 (5th Cir. 2023) (vacating the district court's order granting defendant's motion to dismiss as "premature" given the "fact intensive" nature of the determination involved). In short, the Court is not persuaded that *Hwang* demonstrates that terminating a disabled employee's employment during an approximately six-month period of leave is categorically permitted by the ADA such that an ADA claim may not lie.

Having determined that plaintiff's amended complaint survives defendant's motion to dismiss with respect to his ADA claims, the Court now concludes the same with respect to plaintiff's LEDL claims. Just as the ADA, the LEDL protects "qualified" individuals. *See* La. R.S. § 23:323(A) ("No otherwise qualified person with a disability shall, on the basis of a disability, be subjected to discrimination in employment"). Since the Court has held that plaintiff's ADA claims survive in light of federal caselaw insofar as plaintiff has plausibly alleged that he was a qualified individual, the Court holds that plaintiff's LEDL claims survive as well. *See Liner*, 2023 WL 8005008, at *10 (applying federal caselaw to analyze whether plaintiff's LEDL claim was validly stated).

### b. FMLA Claims

11

"The FMLA requires a covered employer to allow an eligible employee up to twelve weeks of unpaid leave if the employee suffers from a serious health condition that makes the employee unable to perform the functions of the position of such employee." *Caldwell v. KHOU-TV*, 850 F.3d 237, 245 (5th Cir. 2017) (internal quotation marks and citation omitted). "To protect this statutory right, the FMLA bars covered employers from interfering with the right of an employee to take such leave." *Luebano v. Off. Depot, L.L.C.*, No. 22-50767, 2023 WL 4249268, at *4 (5th Cir. June 29, 2023) (citing 29 U.S.C. § 2615(a)(1)). In addition, the FMLA prohibits employers from retaliating against employees for taking FMLA leave. *See* 29 U.S.C. § 2615(a)(2).

As stated above, plaintiff brings both claims for FMLA interference and FMLA retaliation. As to his FMLA-interference claim, plaintiff contends that he lost his employment with defendant because of defendant's failure to notify plaintiff that his FMLA leave was being used as his medical leave.[32] Plaintiff asserts that "[h]ad he known he would only be entitled to twelve weeks of unpaid leave while utilizing short-term disability, he would have either only used twelve weeks of leave in one FMLA period or returned to work with accommodations such as part time, in a wheelchair, or remotely."[33] As to his claim for FMLA retaliation, plaintiff contends that defendant retaliated against him for using his medical leave by terminating his employment.[34]

---

[32] R. Doc. No. 9, at 14.
[33] *Id.*
[34] R. Doc. No. 5, ¶ 39.

Claims for FMLA interference and FMLA retaliation share overlapping elements. "To state a prima facie FMLA interference claim, a plaintiff must allege that (1) he was an eligible employee; (2) his employer was subject to FMLA requirements; (3) he was entitled to leave; (4) he gave proper notice of his intention to take FMLA leave; and (5) his employer denied him the benefits to which he was entitled under the FMLA." *Hester v. Bell-Textron, Inc.*, 11 F.4th 301, 306 (5th Cir. 2021) (internal quotation marks and citation omitted). "To state a prima facie claim for discrimination or retaliation under the FMLA, the plaintiff must allege that (1) he is protected under the FMLA; (2) he suffered an adverse employment decision; and either (3a) that the plaintiff was treated less favorably than an employee who had not requested leave under the FMLA; or (3b) the adverse decision was made because of the plaintiff's request for leave." *Id.* at 305 (internal quotation marks and citation omitted). Since a plaintiff is protected under the FMLA only if he is an eligible employee working for a covered employer, the first and second elements of an FMLA-interference claim are equivalent to the first element of an FMLA-retaliation claim.

The FMLA defines both employers who are subject to the FMLA and employees eligible for FMLA leave. An employer is subject to the FMLA if the employer is "engaged in commerce or in any industry or activity affecting commerce [and] employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year." *See* 29 U.S.C. § 2611(4)(A)(i). An employee is eligible for FMLA leave if the employee has been employed for at least 12 months by the employer from which the employee is requesting leave and the

employee has worked at least 1,250 hours for such employer during the previous 12-month period. *See id.* § 2611(2)(a). However, the FMLA excludes an otherwise eligible employee "who is employed at a worksite at which [his] employer employs less than 50 employees if the total number of employees employed by that employer within 75 miles of that worksite is less than 50." *Id.* § 2611(2)(B)(ii).

Defendant argues that plaintiff has not pleaded sufficient facts to validly state that defendant is a covered employer or that plaintiff is an eligible employee.[35] Specifically, defendant contends, "[plaintiff] has not alleged that [defendant] employed 50 or more employees within a 75 mile radius, the so-called 50/75 Employee Threshold."[36] Furthermore, defendant asserts that plaintiff could not make such factual allegations "in good faith" as required by Federal Rule of Civil Procedure 11(b) as plaintiff knows that defendant "employees far fewer employees and does not meet the 50/75 Employee Threshold."[37]

Upon review of the amended complaint in light of the applicable law, the Court concludes that plaintiff has failed to validly state claims either for FMLA interference or FMLA retaliation. The Fifth Circuit has plainly expressed that "plaintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010). Whether plaintiff is an eligible employee and whether defendant is a covered employer are elements of plaintiff's FMLA causes of action. Accordingly, plaintiff

---

[35] R. Doc. No. 8-1, at 8–9.
[36] *Id.* at 9.
[37] *Id.*

14

must validly plead them. Yet plaintiff's amended complaint is devoid of factual allegations respecting those elements either in the general fact section or in the section designated specifically for his FMLA claims. Plaintiff's amended complaint does not even contain bare conclusory allegations regarding those elements. For these reasons, both of plaintiff's FMLA claims must be dismissed pursuant to Rule 12(b)(6). *Cf. Brown v. Reny Co.*, No. 21-cv-395, 2022 WL 992696, at *8 (E.D. Tex. Mar. 31, 2022) (dismissing the plaintiff's FMLA claims because the complaint did not plead sufficient facts alleging that the plaintiff was an eligible employee).

Plaintiff's counterarguments are unpersuasive. First, plaintiff contends that defendant is a covered employer for the purposes of the ADA.[38] This argument is beside the point, as the definition of an employer for the ADA is different than that for the FMLA. *Compare* 42 U.S.C. § 1211(5)(A) (ADA definition of "employer"), *with* 29 U.S.C. § 2611(4)(A)(i) (FMLA definition of "employer").

Second, plaintiff cites district court caselaw that in turn cites the U.S. Supreme Court's opinion in *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506 (2002), for the proposition that a plaintiff does not need to plead all the elements of a *prima facie* case in his complaint to survive a motion to dismiss pursuant to Rule 12(b)(6).[39] Plaintiff's argument fails because he misunderstands the holding of *Swierkiewicz*. There, the Supreme Court explained that a *prima facie* case under the *McDonnell Douglas* framework—which is used to assess whether certain discrimination claims

---

[38] R. Doc. No. 9, at 10.
[39] *Id.* at 11.

can survive summary judgment—"is an evidentiary standard, not a pleading requirement." 534 U.S. at 510. Accordingly, the Court held that a plaintiff need not plead a *prime facie* case under the *McDonnell Douglas* framework in her complaint in order for the complaint to survive a motion to dismiss. *Id.* at 515.

As the Fifth Circuit has made clear, *Swierkiewicz* does not abrogate the rule that a complaint must contain the "ultimate elements" of the cause of action. *See Olivarez v. T-mobile USA, Inc.*, 997 F.3d 595, 600 (5th Cir. 2021). Because a plaintiff must ultimately establish that she is an eligible employee working for a covered employer to succeed on her FMLA claims, those elements must be pled in her complaint. *See Hester*, 11 F.4th at 305–06. Since plaintiff did not plead those elements, his FMLA claims must be dismissed.[40]

## IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the defendant's motion to dismiss is **GRANTED IN PART** and **DENIED IN PART.** The motion is **GRANTED** with respect to plaintiff's FMLA claims, and plaintiff's FMLA claims are **DISMISSED WITHOUT PREJUDICE**. The motion is **DENIED** with respect to plaintiff's claims pursuant to the ADA and the LEDL.

New Orleans, Louisiana, April 17, 2025.

LANCE M. AFRICK
**UNITED STATES DISTRICT JUDGE**

---

[40] In his opposition, plaintiff did not request leave to amend his complaint. *See* R. Doc. No. 9.